IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TERESA A. MACE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 7:13-CV-7-HL-MSH |
| | : | Social Security Appeal |
| CAROLYN W. COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

_____

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.  Whether the ALJ erred in giving Plaintiff's treating physician's opinion little weight.

II. Whether the Appeals Council erred in denying review in light of additional evidence presented by Plaintiff.

**Administrative Proceedings**

Plaintiff protectively applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on March 9, 2011, alleging disability since October 31, 2009.  (Tr. 191-199; ECF No. 12.)  Plaintiff's application was denied, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ").  The Plaintiff appeared before an ALJ for a hearing on May 21, 2012, and following the hearing, the ALJ issued an unfavorable decision on June 29, 2012.  (Tr. 20-31.)  The Appeals Council ultimately denied Plaintiff's Request for Review on November 16, 2012.  (Tr. 1-5.)  This appeal followed.

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 22.)  The ALJ found that Plaintiff had bipolar disorder, depression, and personality disorder with histrionic and dependent features, which were determined to be severe.  (*Id.*)  The ALJ then determined that Plaintiff's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 23-24.)  The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but that Plaintiff must have the following non-exertional limitations: work that involves simple, routine, and repetitive tasks with only occasional changes in work setting and only occasional interaction with the public, coworkers, and supervisors.  (Tr. 24-29.)  The ALJ determined that Plaintiff has past

4

relevant work as a teacher's aide, licensed practical nurse, and a cashier, but that she is unable to perform this past relevant work. (Tr. 29-30.) The ALJ further determined that Plaintiff was 42 years old on the alleged disability onset date, which is considered a younger individual. (Tr. 30.) Plaintiff was found to have a bachelor's degree and the ability to communicate in English. (*Id.*) After consulting the Medical-Vocational Rules (GRIDS) and utilizing the testimony of a Vocational Expert ("VE"), the ALJ determined that Plaintiff was not disabled within the meaning of the Regulations and that there were jobs available which existed in significant numbers that Plaintiff could perform. (Tr. 30-31.)

## DISCUSSION

### I. Did the ALJ err in giving Plaintiff's treating physician's opinion little weight?

Plaintiff claims in her first enumeration of error that the ALJ failed to provide "good reasons" for giving Plaintiff's treating physician's opinion little weight. Specifically, she claims that the ALJ "cherry-pick[ed]" and ignored relevant evidence which supports the treating physician, Dr. Vandewalle's, opinion such that the ALJ's decision is not supported by substantial evidence. For the reasons explained below, the Court disagrees.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Phillips v. Barnhart,* 357 F.3d 1240, 1241 (11th Cir. 2004) (quotation and citation omitted). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or

5

inconsistent with the doctor's own medical records." *Id.* (citation omitted). Thus, the ALJ can reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) *see also Sharfarz v. Brown*, 825 F.2d 278, 280 (11th Cir. 1987) ("Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding."). If an ALJ chooses to "disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons[]" for doing so. *Phillips*, 357 F.3d at 1241. Furthermore, "whether a claimant is disabled or unable to work is an issue reserved to the Commissioner as an administrative finding, and a medical source opinion on this issue is not a 'medical opinion.'" *Gray v. Comm'r of Soc. Sec.*, -- F. App'x --, 2013 WL 6840288, at *3 (11th Cir. 2013) (citations omitted).

The ALJ thoroughly reviewed Dr. Vandewalle's opinion and stated that she gave it little weight because "it is not supported by the overall evidence of record[.]" (Tr. 29.) In making this determination, the ALJ specifically recognized the opinion by Dr. Vandewalle that Plaintiff's impairments met Listings 12.03 and 12.04 (Tr. 851-52), but disagreed with Dr. Vandewalle's finding that Plaintiff had marked limitations in two areas of the "B" criteria. (Tr. 28.) The ALJ considered, *inter alia*, Plaintiff's medical records from Georgia Pines beginning in January 2008, the consultative examination of Dr. Diane Cerjan, to which the ALJ gave some weight, the records from Southwestern State Hospital concerning Plaintiff's involuntary commitments, Plaintiff's own statements concerning her ability to work, her symptoms of depression and mania, and her ability to take care of herself, and the statements of Plaintiff's friend and roommate

Debra Sloan concerning Plaintiff's behavior. (Tr. 25-29.) The ALJ cites specific evidence to support her conclusions regarding Plaintiff's social functioning, concentration, persistence and pace. (*See, e.g.,* Tr. 28-29.) For example, the ALJ discounted Dr. Vandewalle's opinion that Plaintiff had "compromised interactions with the public" by citing to Plaintiff's statements that "she got along well with authority figures and had no problems getting along with family, friends, neighbors, and others[,]" that Plaintiff "went to church and had friends there[,]" and that Plaintiff "enjoyed spending time with her friend Ms. Sloan." (Tr. 28; *see also* Tr. 231-32, 258-59, 646.)

Concerning concentration, persistence, or pace, Dr. Vandewalle opined that Plaintiff had marked limitations because she "had significant difficulty remembers work-like procedures and could be distracted by others when attempting ordinary tasks[,]" "had difficulty remembering and/or performing tasks with detailed instructions and/or multiple actions secondary to her mood swings and psychosis[,]" and that Plaintiff's "mood swings continued to adversely affect her emotional capacity to perform at a consistent pace or in completing a normal work week[.]" (Tr. 28.) The ALJ discounted these opinions by recognizing Dr. Vandewalle's own findings that Plaintiff "could concentrate for short periods[,]" that she "understood short and simple instructions, and that her memory was intact enough to remember instructions for simple rote type of tasks," and that Plaintiff "was capable of making simple decisions, which may or may not include appropriate non-critical work-related decisions." (Tr. 28-29.) Furthermore, the ALJ noted Plaintiff's statement that Plaintiff was able to finish the things that she started (Tr. 29, 231), and Dr. Cerjan's opinion that Plaintiff "seemed capable of understanding and

7

carrying out simple instructions . . . [and did not appear] depressed to the point that her concentration and pace might be decreased." (Tr. 29.) The unexplained internal inconsistencies in Dr. Vandewalle's clinical notes constitute good cause to discount his opinions. *Edwards v. Sullivan,* 937 F.2d 580, 583-84 (11th Cir. 1991). As explained by the ALJ, his opinion was further contradicted by the overall medical evidence in the record as a whole, which also constitutes good cause to afford him no more than the "little weight" the ALJ expressly gave him. *See, e.g., Rosario v. Comm'r. of Soc. Sec.*, 490 F. App'x. 192, 194-95 (11th Cir. 2012).

Plaintiff would have the Court consider contradictory statements by Plaintiff as having greater weight than those used by the ALJ. (Pl.'s Br. in Supp. 17.) However, as stated above, the court's limited role is to determine if the Commissioner's decision is supported by substantial evidence and if the correct legal standards were applied. *Walker*, 826 F.2d at 1000. "If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer*, 395 F. 3d at 1210. With her argument, Plaintiff seeks to re-weigh the evidence and show that "the proof preponderates against" the ALJ's decision. The Court is not at liberty to do this. The Court finds that the ALJ has sufficiently supported her determination to discount Dr. Vandewalle's opinion with substantial evidence. Plaintiff's first enumeration of error is without merit.

**II.    Did the Appeals Council err in denying review in light of additional evidence presented by Plaintiff?**

Plaintiff contends that the Appeals Council (AC) erred when it failed to review the ALJ's decision despite its consideration of new evidence. Specifically, Plaintiff claims that the new evidence submitted is noncumulative, material, and chronologically relevant and that this evidence shows that the ALJ's decision is "contrary to the weight of the evidence currently in the record." (Pl.'s Br. 22, ECF No. 14.) The AC explained in its decision to deny review that it considered the additional evidence submitted by Plaintiff but found that that evidence "does not provide a basis for changing the [ALJ's] decision." (Tr. 1-2.) The Court rejects Plaintiff's argument and finds that the AC made no error in failing to review the ALJ's decision or remand the decision to the ALJ.

"The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1261 (11th Cir. 2007) (internal quotation marks and citation omitted).

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). Evidence is material if "there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).

Here, the new evidence submitted to the Appeals Council is from Plaintiff's hospitalization that occurred in September 2012, several months after the ALJ entered her opinion in June 2012. (*See* Tr. 855-82; 31.) Although, as the Commissioner admits, this evidence may represent a subsequent deterioration in her condition, it is not chronologically relevant to the ALJ's decision and consequently could not have changed the administrative result. *See* 20 C.F.R. § 404.970(b). The Appeals Council did not err in failing to review the ALJ's decision, and the decision to deny Plaintiff benefits should be affirmed.

## CONCLUSION

Wherefore, for the foregoing reasons, it is RECOMMENDED that the decision of the Commissioner in this case be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Parties may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 11th day of February, 2014.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE