# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**TERESA A. MACE,**

    Plaintiff,

v.

**CAROLYN W. COLVIN,**
**Commissioner of Social Security,**

    Defendant.

Civil Action No. 7:13-CV-7 (HL)

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Stephen Hyles (Doc. 17) that this Court should deny Plaintiff Teresa Mace's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits. Plaintiff has filed Objections (Doc. 18) to the Recommendation, but after making a *de novo* review, the Court accepts and adopts the Recommendation in full.

In reviewing the Commissioner's decision on the Plaintiff's social security application, this Court may only determine whether the decision was supported by substantial evidence and whether the correct legal standards were applied. *See* Walker v. Brown, 826 F.2d 996, 999 (11th Cir. 1987) (per curiam). Plaintiff raises two challenges to the denial of her application for disability benefits. First, Plaintiff contends the Administrative Law Judge ("ALJ") erred by rejecting the

opinion of Plaintiff's treating physician as unsupported by the evidence. Second, Plaintiff argues the Appeals Council erred by denying review of the ALJ's determination despite additional medical evidence being submitted. Neither of Plaintiff's arguments convinces the Court that the Commissioner's decision should be over-turned based on the limited review allowed to this Court.

Although the opinion of a treating physician must usually be given substantial weight, an ALJ may reject the opinion if the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (citation omitted). In this case, the ALJ found good cause for disregarding the treating physician's opinion that Plaintiff was disabled by citing to inconsistencies in the physician's own records and conflicting evidence from Plaintiff's testimony and records from other doctors.

Plaintiff's second argument also fails. In evaluating Plaintiff's appeal of the ALJ's determination, the Appeals Council could only consider evidence "if it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); *see also* Enix v. Comm'r of Soc. Sec., 461 F. App'x 861, 863 (11th Cir. 2012). The ALJ determined on June 29, 2012 that Plaintiff did not qualify for disability benefits, and the evidence Plaintiff asserts the Appeals Council erroneously failed to consider was from medical treatment in

September 2012. The Appeals Council did not err in denying review of the ALJ's decision based on the out-of-time records.

Because Plaintiff has provided no grounds for this Court's limited review to over-turn the Commissioner's decision, the Court accepts and adopts the Magistrate Judge's Recommendation in full. The Commissioner's decision is affirmed pursuant to Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED**, this 4th day of March, 2014.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE

scr