**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **TERESA A. MACE**, <br><br>  Plaintiff, <br><br> v. <br><br> **CAROLYN W. COLVIN**, **Commissioner of Social Security**, <br><br>  Defendant. | Case No. 7:13-CV-7-HL <br> Social Security Appeal |

**ORDER**

This case is before the Court on a Recommendation from United States Magistrate Judge Stephen Hyles (Doc. 33). Judge Hyles recommends that Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act (Doc. 28) be denied.

Plaintiff has filed objections to the Recommendation. The Court has made a *de novo* review of the Recommendation.

A party is entitled to an award of attorneys' fees and expenses against the United States under the Equal Access to Justice Act if: (1) the party is a prevailing party; (2) the party has incurred those fees and/or expenses; and (3) the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). At issue in this case is whether the Commissioner's position was substantially justified.

The United States Supreme Court has distinguished "substantially justified" from "substantially correct."  *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).  Specifically, the Court held that, "a position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  *Id.*  The Court explained that the Government could take a position that was not substantially justified and still win, and "even more likely, it could take a position that is substantially justified, yet lose."  *Id.* at 569.

In this case, the Commissioner argues that she was substantially justified in taking the position that the ALJ's decision to discount Dr. Vandewalle's opinion met the "good cause" requirements of the law of this Circuit.  The ALJ's decision that the treating physician's opinion was "not supported by the overall evidence in the record," is an acceptable basis under Eleventh Circuit law for discounting a treating physician's opinion.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) ("'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence . . .").  The ALJ's finding that the treating physician's opinion was not supported by the evidence was made after a detailed discussion of Plaintiff's medical history, treatment notes, and other evidence from the record.

The Court agrees with the Magistrate Judge that, based on the ALJ's decision, a reasonable person would be justified in concluding that the ALJ

2

rightfully discounted the treating physician's opinion.  As a result, the Court finds that the Commissioner was substantially justified in taking the position that the ALJ's decision to discount Dr. Vandewalle's opinion was supported by "good cause."

Upon review, the Court accepts and adopts the Recommendation. Plaintiff's objections are overruled.  Plaintiff's Motion for Attorney's Fees (Doc. 28) is denied.

**SO ORDERED**, this the 19th day of August, 2015.


/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**


les